UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 02-304 |
| BRYAN NELSON | SECTION: "J" |

### ORDER AND REASONS

Before the Court is a *Motion for Post-Conviction Relief under 28 U.S.C. § 2255* **(Rec. Doc. 470)** filed by Petitioner, Bryan Nelson, and an opposition thereto (Rec. Doc. 472) filed by the Government. Additionally, before the Court is a *Motion to Appoint Counsel* **(Rec. Doc. 472)** filed by Petitioner. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

In August of 2006, Petitioner pleaded guilty to counts 1, 10, and 11 of the Third Superseding Indictment charging him with conspiracy to use a firearm in connection with a carjacking, carjacking that resulted in murder, and using a firearm to commit a crime of violence that resulted in murder. (Rec. Doc. 394). On December 1, 2006, Petitioner was sentenced to life imprisonment on Counts Ten and Eleven and a term of two hundred and forty (240) months on Count One, all to be served concurrently. (Rec. Doc. 460).

On May 26, 2020, Petitioner filed for relief under 28 U.S.C. § 2255. (Rec. Doc. 470). Petitioner argues his conviction is unconstitutional in light of several recent

Supreme Court decisions, including *United States v. Davis*, 139 S. Ct. 2319 (2019), *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). He further argues that his sentence of life imprisonment violates the Eight Amendment pursuant to the Supreme Court's Decision in *Miller v. Alabama*, 567 U.S. 460 (2012).

## **LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the

motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that the defendant's pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction.")

## DISCUSSION

### I. PETITIONER'S *DAVIS* CLAIM IS INAPPOSITE TO THIS CASE

Petitioner argues that his sentence is unconstitutional in light of the Supreme Court's recent decision in. *Davis*, 139 S. Ct. 2319. In *Davis*, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), known as the residual clause, was unconstitutionally vague. *Id.* Thus, Petitioner contends that his convictions under Counts One, Ten, and Eleven, all of which stem from his carjacking

being deemed a "crime of violence," are unconstitutional, because such convictions necessarily require defining the term "crime of violence." Petitioner is only correct if the residual clause of Section 924(c)(3)(B) was in fact the provision used to define his carjacking offense as a crime of violence. The other possibility is that carjacking is defined as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), known as the elements clause. Whereas the constitutionality of Section 924(c)(3)(B) has been in doubt for some time, there exists no such uncertainty about the validity of Section 924(c)(3)(A). *See United States v. Jones*, 854 F.3d 737, 740 (5th. Cir. 2017).

The key determination, then, is whether a Section 2119 carjacking is deemed a crime of violence under Section 924(c)(3)(A) or Section 924(c)(3)(B). A review of precedent in the Fifth Circuit makes clear that "carjacking fits under the definition set forth in § 924(c)(3)(A)—it has an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* In *Jones*, the court noted that both the Fourth and Eleventh Circuits have similarly held carjacking to be a crime of violence under the elements clause as opposed to the residual clause. *Id. See also In re Smith*, 829 F.3d 1276, 1280-81(11th.Cir. 2016) and *United States v. Evans*, F.3d 242, 247 (4th.Cir. 2017).

The Court notes that the *Jones* court found against the appellant-defendant on two alternative grounds. *See Jones*, 854 F.3d 737. In addition to the holding cited above, the court in *Jones* held that Section 924(c)(3)(B) was not unconstitutionally vague. *Id.* at 740. Needless to say, the Supreme Court's decision in *Davis* overrules that particular holding of the *Jones* court. Nonetheless, in this Circuit "alternative

holdings are binding precedent and not *obiter dicta.*" *Ramos-Portillo v. Barr*, 919 F.3d 955, 962 n.5 (5th.Cir. 2019) (citing *Whitaker v. Collier,* 862 F.3d 490, 496 n.14 (5th. Cir. 2017). Thus, the invalidation of the *Jones* court's holding on Section 924(c)(3)(B)'s constitutionality has no impact on *Jones's* holding that a Section 2119 carjacking is a crime of violence under the elements clause of Section 924(c)(3)(A). *See Jones*, 854 F.3d 737.

Because carjacking is a crime of violence under the elements clause of Section 924(c)(3)(A), as opposed to the residual clause of Section 924(c)(3)(B), *Davis* has no impact on Petitioner's convictions.

## II. PETITIONER'S REMAINING CLAIMS ARE UNTIMELY

Pursuant to 28 U.S.C. § 2255(f), all § 2255 petitions must be filed within one year of (1) the date on which the judgment of conviction becomes final; (2) the date on which the governmental impediment to making a motion in violation of the Constitution or laws of the United States is removed; (3) the date on which the newly-recognized right asserted was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, Petitioner filed his § 2255 motion in May 2020—more than thirteen years after his judgment of conviction became final. *See* Rec. Doc. 118; *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a

direct appeal expires."). Accordingly, Petitioner fails to meet the first prong of timeliness as required by 28 U.S.C. § 2255(f).

The second prong is likewise not satisfied, as there was no impediment created by government action that prevented Petitioner from filing a motion under 28 U.S.C. § 2255. The types of impediments contemplated include prisons restricting prisoners' access to law libraries, legal assistance, or legal materials. *See United States v. Saenz-Lopez*, 361 F. Appx. 593, 595 (5th Cir. 2010); *Salazar-Rodriguez v. United States*, No. 13-172, 2015 WL 12672325, at *4 (S.D. Tex. Aug. 5, 2015).

Regarding the third prong of 28 U.S.C. § 2255(f), of the various Supreme Court cases relied upon by Petitioner to challenge his conviction, only *Davis* was decided within the last year. *See e.g. Johnson*, 135 S. Ct. 2551 (2015), *Dimaya*, 138 S. Ct. 1204 (2018), *Miller*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Thus, the third prong is not satisfied.

The fourth prong allows a petitioner to seek relief within one year of the time the facts presented in the application could have been discovered through due diligence. Petitioner asserts his Eighth Amendment argument, i.e. that sentencing him to life imprisonment for a crime committed at the age of 19 is cruel and unusual punishment, is timely because it is based on newly discovered scientific information regarding the mental maturity of juvenile offenders. (Rec. Doc. 470 at 19-25). Defendant is incorrect for two reasons.

First, Petitioner's Eight Amendment arguments are primarily based on information contained in the Supreme Court's decisions in *Miller* and *Montgomery*,

both of which were decided well over a year before Petitioner's present motion. While Petitioner does cite several scientific studies that purportedly evince a new understanding of a juvenile's criminal culpability, these studies date back as far as 1991, with the most recent dating only to 2017. (Rec. Doc. 470, pp. 20 at fn.1; 23 at fn. 2-6; and 24 fn.7-9). Thus, Petitioner failed to bring his motion within the requisite one year of the newly discovered information.

Furthermore, Petitioner's arguments fail because he was not a juvenile offender at the time of the instant offenses. Rather, Petitioner admits he was 19 years old when he committed the crimes for which he is currently serving a life sentence. (Rec. Doc. 470 at 22). Thus, the Eighth Amendment's prohibition on juvenile life sentences is inapplicable to Petitioner. *See Miller*, 567 U.S. 460.

Petitioner urges the Court to follow the precedent of *In re Williams,* in which the D.C. Circuit Court of Appeals applied *Miller* to a defendant who began conspiring to commit his instant crime while under age and then completed the crime upon reaching adulthood. 759 F.3d 66, 70–72 (D.C. Cir. 2014). *Williams*, however, is factually distinguishable from the present case as the *Williams* defendant was convicted of his role in a conspiracy to participate in a racketeer influenced corrupt organization ("RICO") and to distribute illegal drugs. See *id*. at 67. The defendant was active in the conspiracy from 1983 to 1991 but did not turn 18 until 1987. *Id.* Thus, the culpable conduct attributable to the defendant in *Williams* occurred over the course of several years, during half of which the defendant was a juvenile. *Id.* Here, Petitioner provides no evidence, nor even asserts, that any of the criminal

conduct for which he was convicted took place prior to his reaching adulthood. Moreover, this Circuit has explicitly held, albeit in an unpublished opinion, that *Miller* does not extend to crimes committed after an individual reaches the age of 18. *In re Frank*, 690 Fed. Appx. 146 (5th. Cir. 2017) ("*Miller* is unhelpful to [defendant]. The relevant conduct. . . included murders that occurred after he had attained age 18.").

Based on the foregoing, the Court finds that Petitioner fails to satisfy any of the prongs enumerated by 28 U.S.C. § 2255(f), and his application for relief is, therefore, untimely.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Post-Conviction Relief under 28 U.S.C. § 2255* **(Rec. Doc. 470)** is **DENIED** and an evidentiary hearing is not required.

**IT IS FURTHER ORDERED** that Petitioner's *Motion to Appoint Counsel* **(Rec. Doc. 472)** is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the defendant has failed to demonstrate a substantial showing of the denial of a constitutional right.

New Orleans, Louisiana, this 30th day of June, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE